## Nettie Hough v. Martha M. Shippey et al.

Decided April 14, 1897.

**1. Homestead—Surviving Wife—Partition.**

The provision of the Constitution that confers upon the surviving husband or wife the right to the homestead, and exempts it from partition during such occupancy, extends to the 200 acres protected from forced sale, if in the country; it is not limited to so much as was actually occupied and used as homestead by the family.

**2. Same—Case Stated.**

A husband and wife, having no children, occupied a homestead upon a tract of 332 acres of land, the separate property of the husband, only thirty or forty acres being then inclosed or cultivated. The wife continued to reside on it for ten years after the husband's death, during which she inclosed and put in cultivation the entire tract. Later she removed to town for business purposes, but did not abandon the homestead, of which she did not designate the specific 200 acres claimed till after suit for partition. *Held,* that her right to occupy the homestead extended to 200 acres, and that the heirs of the husband were entitled, during her life, to partition of the excess only.

Appeal from McLennan. Tried below before Hon. L. W. Goodrich.

*Herring & Kelley,* for appellant.—The court erred in ignoring the homestead right to 200 acres of said Peter Bollinger tract in the defend-

ant, and in ignoring her designation thereof. Rev. Stats. 1895, art. 3610; Const., art. 16, sec. 52; Hudgins v. Sansom, 72 Texas, 232.

A tenant in common of real estate may establish upon such lands his homestead without prejudice to his cotenants, and on partition equity will allow to such improving tenant his homestead, whenever that can be done without injury to the other owners. Lewis v. Sellick, 69 Texas, 383; Jenkins v. Volz, 54 Texas, 639; Rev. Stats. 1895, art.2396; Williams v. Wethered, 37 Texas, 130; Clements v. Lacy, 51 Texas, 150; Brown v. McLennan, 60 Texas, 44; Robinson v. McDonald, 11 Texas, 385; Neil v. Shackleford, 45 Texas, 132; Arnold v. Cauble, 49 Texas, 532; Stewart v. Mackey, 16 Texas, 57; Freem. on Coten. and Part., secs. 49, 52, 54, 60, 62, 258, 276, 286, 509.

Homestead situated upon a larger tract of land than 200 acres, sufficient description in the pleadings to use the term homestead. The law defines what it is. Gibbs v. Mayes, 2 Texas U. C., 217; Franklin v. Coffee, 18 Texas, 416.

With a home residence, 200 acres adjoining can be claimed as a homestead. Railway v. Winter, 44 Texas, 610.

The constitutional provision (article 16, section 52) that a homestead shall not be partitioned among the heirs during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same, applies to devisees as well as heirs, and to the separate property of the wife as well as that of the husband, and neither husband nor wife, who is the owner of the homestead, can dispose of it by will so as to deprive the survivor of the right to occupy it during life. Reed v. Talley, 35 S. W. Rep., 805; Linch v. Broad, 70 Texas, 96; Eubank v. Landram, 59 Texas, 248; Hall v. Fields, 81 Texas, 562; Battle v. John, 49 Texas, 211; Putnam v. Young, 57 Texas, 464; Pressley's heirs v. Robinson, 57 Texas, 458.

*Clark & Bolinger,* for appellees.—The court was correct in holding that in the partition of the Peter Bollinger 320 acres tract of land, that the improvements shall be considered in a valuation of said property, because the pleadings of both parties, as well as the undisputed testimony, showed that the appellees of the one part and the appellant of the other part each owned as the heirs of R. S. Hough, deceased, an undivided one-half interest each in and to said 320 acres of land, and because it was fully admitted and agreed in the trial of said cause that the claim of appellees for rents and profits, and the claim of appellant for improvements on said land should both be abandoned, and in pursuance of said agreement and understanding both claims were abandoned and of necessity the property was partitioned, according to its value, improvements considered.

Appellant was not deprived of any homestead or homestead rights existing at the death of R. S. Hough by the judgment and partition in this case, and the division and partition made was just and equitable.

FISHER, CHIEF JUSTICE.—Appellees, Shippey and others, as the heirs of R. S. Hough, deceased, brought this suit against Nettie Hough, the surviving wife of R. S. Hough, to recover a one-half interest in certain tracts of land situated in McLennan County.

The only tract that is involved in this controversy is the Peter Bolinger survey of 332 acres. This survey was the separate property of R. S. Hough, owned by him at the time of his marriage with appellant. He died in August, 1885, and up to the time of his death he and his wife, the appellant, occupied a part of this survey as a homestead. No children were born to them; consequently the appellant, at the death of her husband, was entitled to one-half of this survey under the statute of descent and distribution, and the appellees the other half.

The case was tried before the court and commissioners of partition were appointed, and upon their report judgment was rendered, dividing the land into two equal portions according to value, decreeing to appellant 120 acres and that remaining to the appellees.

The following are the facts as shown by the record: "That, on the 18th day of November, 1869, appellant and R. S. Hough, now deceased, were lawfully married, and from that time until his death, which occurred August 25, 1885, they lived together as husband and wife; that no child was born to them during their marriage, and that upon his death the said R. S. Hough left no child nor the descendant of any child surviving him; that at his death his mother, —— Hough, and his sister, Martha M. Shippey, formerly Hough, and his two brothers, Norman F. Hough and George Hough, were surviving, his father being dead, and these being all the brothers and sisters living; that subsequent to the death of R. S. Hough, his mother, now deceased, conveyed all of her interest by warranty deed in and to the estate of R. S. Hough to appellee Martha M. Shippey; that prior to the appellant's marriage to R. S. Hough the Peter Bolinger survey, described in appellee's petition, was patented to him as assignee, on the 20th of December, 1859; that appellant and her said husband took possession of said tract of land in June, 1873, and lived on it continuously as their homestead until the death of R. S. Hough, at which time some thirty or forty acres of it were in cultivation, the balance not being in cultivation nor under fence; that since the death of R. S. Hough, appellant resided on same continuously until about the first of January, 1895; that the house she and her husband lived in burned down some six or eight years ago, and she received insurance on the house and contents to the amount of about $1000, and built another house at or about the same place on the said tract of land the first house was built; also built cistern, barn, and other outhouses, and has inclosed the entire tract of 332 acres with cedar posts and barbed wire fence, and has placed all of it, except about nine or ten acres, in a good state of cultivation; that she has cultivated the same by tenants each year since she placed the same in cultivation, and has used the place as her own, and has rendered the place for taxes in her name and has kept the taxes paid on it.

"That prior to the filing of appellee's suit appellant had never designated any particular portion of said 332 acres as her homestead, and that the said R. S. Hough, prior to his death, had never designated any particular portion of said 332 acres as his homestead; that since about January 1, 1895, appellant has resided in Waco, and has boarded at the home of M. B. Davis, and been engaged in the business of raising chickens in Waco, but that during all of said time she has not acquired any other homestead, and has kept a room furnished in the house on the 332 acres of land and used the same when she would go there, and has frequently—every week or two—driven down to the farm and has looked after her business there, and has continuously claimed her said home to be on the premises, but has not resided there since January 1, 1895; that she has no children or family, excepting herself.

"2. It is agreed that Peter Bolinger is the correct name of the grantee of said tract of land, and that it contains 332 36-100 acres..

"3. It is agreed that all the other tracts of land described in appellee's petition were acquired by R. S. Hough during his marriage with appellant, and that she inherited and became the owner thereof on his death.

"4. That since the institution of this suit, and shortly after it was filed, appellant designated and caused to be surveyed, as and for her homestead, out of the said Peter Bolinger survey, and including said homestead improvements, 200 acres, being the same described in her answer as Exhibit A and in the agreed facts. This survey was made without any notice to appellees in this cause, and was a voluntary survey which appellant ordered and caused to be made for her homestead.

"5. No evidence was introduced as to the value of rents nor as to the value of improvements; and the case was tried on the theory that appellees were not entitled to damages for rents, issues, and profits, and that the defendant was not entitled to compensation for improvements she had made on said tract of land.

"6. It was admitted by the appellant that the appellees are the only heirs, with appellant, of said R. S. Hough upon descent as cast by law, and their particular interests are as respectively set forth in their petition.

"7. It was admitted that R. S. Hough had never designated any particular homestead on said 320 acres of land, and had never had occasion to do so, but has simply improved a portion of it, and lived upon it, and claimed same as his homestead, and was so living there at the time of his death.

"It was proven by Fauntley Johnson, one of the commissioners, upon the hearing of appellant's exceptions to their report, that the Peter Bolinger tract of land, without regard to improvements, was susceptible of partition, and that the commissioners in making partition of it gave to appellees the excess in number of acres, shown in the report, over the number of acres set apart to appellant, to make their part of equal value to the value of the portion and improvements they set apart to appellant."

The only question that arises from these facts that we deem it im-

portant to determine is whether the court erred in partitioning the property so as to deprive the appellant of her full quantity of 200 acres as her homestead.

The Constitution in express terms confers upon one entitled to the homestead exemption 200 acres of land if situated in the country and occupied as a home, and in like terms exempts the homestead from partition during its occupancy as a homestead.

The facts as stated show that the appellant and her husband were in possession of the tract of land in controversy as their homestead at the time of his death, and that she has continuously since then asserted her homestead right in the property by acts of occupancy impressing it with that character. It is true that she and her husband nor she alone, prior to the institution of this suit, actually occupied and used 200 acres of the property as the homestead; and it appears from the facts that subsequent to the time of bringing the suit she asserted her right to the possession of the full quantity of 200 acres, as allowed by the Constitution. If at a time when she and her husband were occupying the land as a homestead all in excess of that actually occupied by them had been levied upon by creditors, they could have asserted their homestead right in 200 acres of the survey, notwithstanding they may have actually occupied and used a less quantity of the survey as their homestead when levied and seized upon by creditors.

That provision of the Constitution that confers upon the surviving husband or wife the right to the homestead and exempts it from partition during such occupancy evidently means such a homestead as the husband and wife occupied and had the right to assert under that provision of the Constitution that fixed the homestead at 200 acres if situated in the country. The right of the survivor in the homestead under these provisions of the Constitution is as great as that of husband and wife if both were asserting the homestead exemption.

These views necessarily lead to a reversal of the judgment of the court below, as in our opinion the court had no power to disturb the homestead right of the appellant in two hundred acres of the survey during her lifetime or during the time which she may elect to use it as a home. The excess of the two hundred acres of course would be subject to partition.

For the reason stated the judgment below is reversed and the cause remanded.

*Reversed and remanded.*